LUTHER CRANE & others *vs.* WILLIAM ADAMS.

Under the *St.* of 1856, *c.* 38, § 2, a suit in equity to enforce the execution of a trust might be begun by a bill inserted in a writ of attachment, according to the Rev. Sts. *c.* 90, § 117.

BILL IN EQUITY to enforce the execution of a trust, inserted, according to the Rev. Sts. *c.* 90, § 117, in a writ of attachment, dated October 26th 1858.

The defendant demurred to the bill, because the suit was commenced by a writ of attachment with a bill of complaint inserted therein, instead of a declaration in an action of contract or tort under the *St.* of 1853, *c.* 371. The demurrer was overruled, and the defendant ordered to answer the bill; and he appealed to the full court.

*D. E. Ware*, for the defendant, cited *Irvin* v. *Gregory*, 13 Gray, 215; Rev. Sts. *c.* 90, § 117; *Sts.* 1853, *c.* 371; 1855, *c.* 194, §§ 2, 5; 1856, *c.* 38, §§ 2, 3; Commissioners' Report on Gen. Sts. *c.* 129, § 2.

*U. H. Crocker*, for the plaintiffs, was stopped by the court.

BIGELOW, C. J. The purpose of the *St.* of 1856, *c.* 38, § 2, was to remove doubts which had grown up as to the construction of previous statutes concerning the mode of commencing suits in equity. It clearly provided two modes; one by a bill, in the usual mode adopted in courts of chancery, to be filed in the office of the clerk, and on which a subpœna was to issue; the other by a writ of attachment, that is, by inserting the bill of complaint in a writ, and serving it on the defendant by an attachment of his property, in the mode heretofore prac-

tised in this state, under the Rev. Sts. *c.* 90, § 117. It could not have been intended to apply to those cases included in the *St.* of 1853, *c.* 371, because they, being brought as actions at law, could be commenced by writ of attachment, without any express provision to that effect. As to them, the statute was useless. It could therefore have been intended only for cases where the suit was brought by a bill; and we know of no mode in which a writ of attachment can be used in a suit in equity brought by a bill, except by inserting the bill in the writ. The statute was intended only to prescribe the mode in which a suit might be commenced, and not to change the nature of the suit or the form of pleading. *Demurrer overruled.*